IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACQUAR STOKES, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-2006 |
| | : | |
| CITY OF PHILADELPHIA, | : | |
|     Defendant. | : | |

MEMORANDUM

**SURRICK, J.**                                                                                                                                                               **MAY 30, 2025**

      Plaintiff Jacquar Stokes filed this civil action against the City of Philadelphia, pursuant to 42 U.S.C. § 1983, seeking damages based on conditions in which he was incarcerated at the Curran-Fromhold Correctional Facility ("CFCF") during the COVID-19 pandemic. Stokes seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Stokes leave to proceed *in forma pauperis* and dismiss his Complaint.

**I.**       **FACTUAL ALLEGATIONS**

      Stokes alleges that he was incarcerated at CFCF as a pretrial detainee during the pandemic from June 1, 2020, through May 27, 2021. (Compl. at 4.) He was "forced to stay" at CFCF "despite COVID 19" under conditions in which he "found it nearly impossible to social distance." (*Id.* at 5.) Based on those sparse allegations, Stokes seeks $75,000 in damages. (*Id.*) He further notes that his lawsuit "relies upon the precedent set forth in the Remick decision in which the U.S. Dist Court ordered the City of Philadelphia to pay $25,000,000."[1] (*Id.*)

---

[1] In *Remick v. City of Philadelphia*, which was filed on April 20, 2020, members of a class of individuals incarcerated within the City's prisons sought declarative and injunctive relief, as well as habeas corpus relief, arguing that the conditions of confinement in the Philadelphia Department of Prisons' facilities created a heightened and unreasonable risk of COVID-19 for any confined person. No. 20-1959 (E.D. Pa.) (ECF No. 1). The Court understands Stokes to be

**II.     STANDARD OF REVIEW**

The Court will grant Stokes leave to proceed *in forma pauperis* because it appears that he does not have the ability to pay the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At the screening stage, the Court accepts the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Additionally, a court may dismiss a complaint based on an affirmative defense when the defense "is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

**III.    DISCUSSION**

There are several legal defects in Stokes's claims, most apparent that his claims are clearly time barred.  Section 1983 claims, such as those brought by Stokes, are subject to the state statute of limitations for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007).  In Pennsylvania, that limitations period is two years. *See* 42 Pa. Cons. Stat. § 5524.  A

---

referring to orders that Judge Gerald A. McHugh entered in *Remick* after the City was found to be in contempt of a court order approving and incorporating a settlement agreement. *Id.* (ECF No. 222 at 1 n.1 & ECF No. 225).

claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). This is consistent with Pennsylvania's "discovery rule," which delays the running of the statute of limitations where "despite the exercise of reasonable diligence," a plaintiff cannot know that he is injured and by what cause. *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005).

Stokes's claims accrued at the time he was held in the challenged conditions, *i.e.*, from June 1, 2020, until he was released from incarceration on May 27, 2021. Accordingly, he was required to bring his claims by May 27, 2023, at the latest. Since he did not file this lawsuit until April 21, 2025, it is apparent from the face of the Complaint that his claims must be dismissed as time barred.[2] Stokes's claims are also not plausible for the additional reason that he failed to plausibly allege that a policy or custom of the City caused a violation of his constitutional rights based on how the City handled the pandemic at CFCF. *See Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 330 (3d Cir. 2020) (holding that prison officials' "failure to eliminate all risk" in the context of managing covid-19 does not amount to deliberate indifference); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (holding that to plead a § 1983 claim against a municipal entity, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights).

---

[2] Tolling does not save Stokes's claims. Notably, Stokes filed a lawsuit in March 2021 challenging some of the conditions in which he was confined at CFCF. *See Stokes v. Ford*, No. 21-1435 (E.D. Pa.).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Stokes leave to proceed *in forma pauperis* and dismiss his Complaint as time barred and for failure to state a plausible claim. Since Stokes cannot cure the fact that his case is untimely, he will not be given leave to amend.

A final order follows, which shall be docketed separately. *See* Fed. R. Civ. P. 58.

**BY THE COURT:**

s/ *R. Barclay Surrick*

**R. BARCLAY SURRICK, J.**